UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JAMES KLOPFER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 24-229-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| PERDUE PHARMA, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James Klopfer is currently incarcerated at the Kenton County Detention Center in Covington, Kentucky. Proceeding without a lawyer, Klopfer recently filed a civil rights Complaint together with a motion for leave to proceed *in forma pauperis* [Record Nos. 1 and 3]. However, his motion is deficient because it is not supported by a properly certified inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). [*See* Record No. 4 (showing that Klopfer's account form is missing the signature of an authorized prison official).]

The Court also has conducted an initial review of the Complaint and will dismiss it without prejudice, just as it summarily dismissed a similar pleading Klopfer recently filed. *See Klopfer v. Perdue Pharma,* No. 2:24-cv-210-DLB, at Record No. 4 (E.D. Ky. Dec. 10, 2024). Klopfer's latest filing names Perdue Pharma and the Slacker family as Defendants, and he once again mentions the death of his mother in 2011. [Record No. 1 at 1-2] However, his allegations are otherwise exceedingly difficult to follow [*see id.* at 2-4], and

he certainly has neither established the Court's subject matter jurisdiction over his claims nor set forth sufficient facts to adequately plead a claim against the named defendants. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (a district court may, upon its own motion, dismiss for lack of subject matter jurisdiction any complaint whose allegations are totally implausible, attenuated, or unsubstantial); *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (a pro se prisoner's claims "do not clear the plausibility hurdle" when he neither "link[s] his allegations to material facts" nor "indicate[s] what each defendant did to violate his rights"). Therefore, as presently drafted, Klopfer's pleading is simply unavailing. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Klopfer's motion for leave to proceed *in forma pauperis* [Record No. 3] is **DENIED**.

2. Plaintiff Klopfer's Complaint [Record No. 1] is **DISMISSED** without prejudice for lack of subject matter jurisdiction and because it otherwise fails to state a claim upon which relief may be granted against the listed defendants.

3. This action is **DISMISSED** without prejudice and **STRICKEN** from the docket

Dated: December 26, 2024.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky